THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SPECIALE, Appellant.— Defendant was convicted in the Court of Special Sessions, Borough of Queens, of the crime of violating section 66 of the Transportation Corporations

Law (operating an omnibus without a certificate of public convenience and necessity and a consent from the local authorities). Judgment of conviction affirmed on authority of *People ex rel. Weatherwax* v. *Watt* (115 Misc. 120; affd., 197 App. Div. 929.) Lazansky, P. J., Carswell, Davis and Adel, JJ., concur; Hagarty, J.: I dissent and vote to reverse and to dismiss the information. The defendant was accused and convicted of the crime of violating section 66 of the Transportation Corporations Law. Upon the stipulated facts, the defendant, a licensed chauffeur, drove an omnibus under the direction of the owner in connection with an omnibus line, along a designated route in the public streets of the city of New York. No certificate of public convenience and necessity had been issued to the owner or operator of the bus line. Defendant was not the owner, and there is no suggestion that he bore any relationship to the owner or operator other than that of driver of one of its buses. Section 66 of the Transportation Corporations Law is directed against the owners and operators of omnibuses or omnibus lines and not the chauffeurs of the cars operated in connection with them. The Transportation Corporations Law (§ 65) makes no distinction between the owner and the operator of a bus line, but, to the contrary, specifically provides that either an owner or an operator " described in the next succeding section of this article," which is the section under which the defendant was convicted, " shall be deemed to be a ' common carrier ' * * * and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated, and shall be subject to all the provisions of such law applicable to common carriers." The " next succeeding section " (§ 66), under which this defendant was convicted, provides that no such omnibus line as here involved, nor any vehicle in connection therewith, " which is required by law to obtain the consent of the local authorities * * * shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, * * * the consent of the local authorities." The section further provides that no such operation shall be permitted " until the owner or operator of such vehicles," if required, shall have executed and delivered a bond prescribed by the chief law officer. My view of this case is that the legislation here invoked by the People is directed against common carriers operating, or attempting to operate, buses or bus lines in violation of law. The defendant, a chauffeur of one of the buses, is not such a person as described by the Transportation Corporations Law (§ 65, *supra*) which makes owners and operators synonymous. The defendant was but an employee, whose duties were limited to the mechanical operation of the omnibus, and it was not the intention of the Legislature to place upon him the duty of determining whether or not his employers, the owners or operators of the line, had procured a certificate of convenience and necessity and the consent of the local authorities to such operation. *People ex rel. Weatherwax* v. *Watt* (115 Misc. 120; affd., 197 App. Div. 929), cited in support of the prevailing decision, has no application, in my opinion. That case involved the right to a writ of mandamus, on the application of a resident of the city of Albany, requiring the mayor of that city to direct the commissioner of public safety to enforce by action of the police department the provisions of section 26 (now 66) of the Transportation Corporations Law. It there appeared that more than 500 bus lines were in operation in the city without the consent of the local authorities

and without a certificate of public necessity and convenience as required by the Transportation Corporations Law. The mayor of the city, one of whose duties was to enforce the law (Second Class Cities Law, § 54), openly and publicly refused to perform his duty by enforcing the requirements of the Transportation Corporations Law, § 26), violations of which were punishable as misdemeanors. It was held that the application should be granted.